# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CAUSE NO. 1:15CR45-LG-RHW-1
   CIVIL ACTION NO. 1:17CV31-LG

DEMARIO ANTWON NEAL

## ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. §2255

**BEFORE THE COURT** is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [47] filed by Petitioner Demario Antwon Neal. Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, and he was sentenced to 235 months' imprisonment and thirty-six months' supervised release. Petitioner now seeks an evidentiary hearing and vacation of his judgment of conviction pursuant to § 2255 based on allegations of ineffective assistance of counsel.

After carefully reviewing the submissions of the parties, Petitioner's trial counsel, the record in this matter, and the applicable law, the Court finds that the Motion should be denied. Petitioner has waived his § 2255 claims and has otherwise failed to satisfy the *Strickland* test for ineffective assistance of counsel.

## BACKGROUND

Petitioner agreed to plead guilty to conspiracy to possess with intent to distribute methamphetamine pursuant to a written plea agreement with the Government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255.

The United States Probation Office then prepared a presentence investigation report ("PSR") that assigned a base offense level of 38. It also added two levels on finding that Petitioner possessed a firearm during the commission of the offense. Petitioner received downward adjustments for his acceptance of responsibility, which resulted in a total offense level of thirty-seven. The Court adopted the PSR without change and sentenced Petitioner to a term of imprisonment of 235 months and thirty-six months' supervised release. Petitioner did not appeal his conviction or sentence.

Petitioner sets forth five grounds for relief in his § 2255 Motion, although several of the grounds overlap. In ground one, Petitioner states that his trial counsel was ineffective in failing to "explain the difference between a binding plea and non-binding plea" as well as the consequences of a binding or non-binding plea, such that his plea was not knowing and voluntary. (Motion at 5, ECF No. 47). In ground two, Petitioner complains of his trial counsel's alleged "failure to explain what an open plea was and that the judge could not impose the top end of his charge." (*Id.* at 6). In ground three, Petitioner claims that his trial counsel was ineffective in failing to consider Petitioner's "limited education and his lack of knowledge and knowing anything about the justice system or sentencing laws or . . . the language the court used." (*Id.* at 7). He claims he "never [understood] the factual aspect that went on with any negotiation or bargaining that counsel had with the courts." (*Id.*) He further claims that he merely told the Court what his attorney told him to say and that his trial counsel told him not to ask the Court any

questions. He also asserts that his attorney told him to say that "he fully understood what was going on." (*Id.*)

In ground four, Petitioner asserts that his trial counsel told him he was eligible for the safety valve, but failed to request the safety valve from the Court. Petitioner claims:

> The movant did not engage in any direct extensive bargaining with the court, but his counsel did. Movant under oath only declared . . . that he understood what his counsel had told him to say. His counsel told him he had to agree with what the court was going to ask him and that thei [sic] will not stall his hearing of [sic] set it off. Movant did not understand that he could [have withdrawn] his plea at the time. There was [sic] promises and coercion that went on with movant to take this open plea.

(*Id.* at 9). In ground five, Petitioner once again argues that his trial counsel failed to explain the difference between a binding plea and a non-binding plea, and he reiterates that his plea was not knowing and voluntary.

Petitioner's trial counsel, Ramiro Orozco, responded to the allegations on April 5, 2017.[1] The Government filed its response on May 5, 2017.

## DISCUSSION

28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is

---

[1] Orozco timely submitted his response to the Court via email on March 23, 2017, but he sought and obtained permission to file the response under seal and experienced technical difficulties which caused a delay in filing the response in the CM/ECF system.

otherwise "subject to collateral attack." A defendant may, as part of a plea agreement, waive the right to appeal and the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Where, as here, a defendant has pleaded guilty and waived his right to appeal or file a motion pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The waiver therefore remains valid as to all other claims of ineffective assistance. Thus, the Court asks "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is 'yes,' then the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

Where the waiver does not apply and the defendant may proceed with his ineffective assistance of counsel claim, he must satisfy the two-prong test set forth in *Strickland v. Washington*, 468 U.S. 668 (1984), to establish that he is entitled to relief. Specifically, he "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009).[2]

---

[2]If the "defendant receives no meaningful assistance from his court-appointed lawyer," the defendant is not required to show prejudice. *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000). The Court is of the opinion that this is not "the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel[,]" and, thus, will not presume prejudice. *See Glover v. Miro*, 262 F.3d 268,

"[T]o establish deficient performance, a [defendant] must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted). Courts are "extremely deferential in [the] scrutiny of counsel's performance and [must] make every effort to eliminate the distorting effects of hindsight." *Ellis v. Lynaugh*, 873 F.2d 830, 839 (5th Cir. 1989) (citation and quotation marks omitted). "With respect to guilty pleas, the prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citation omitted). A defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The Fifth Circuit has held that "'[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.'" *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) (citation omitted).

**A. Grounds One and Five**

In grounds one and five of his petition, Petitioner asserts that Mr. Orozco was ineffective because he failed to explain the difference between a binding plea and a non-binding plea. Since it is unclear whether Petitioner is arguing that he did not understand that his guilty plea would be binding or that he did not understand that the Government's sentencing recommendation was not binding on the Court, the Court will address both arguments. In his response, Mr. Orozco

---

277 (4th Cir. 2001); *see also Gochicoa*, 238 F.3d at 284.

states that he informed Petitioner that all pleas are binding once accepted by the Court. The Court also repeatedly explained that by entering a guilty plea, Petitioner was waiving his right to a trial by jury, his right to appeal, and his right to contest his sentence in a post-conviction proceeding. Petitioner told the Court that he understood that he was giving up these rights, and he never attempted to withdraw his guilty plea or appeal his conviction or sentence.

Mr. Orozco also states that he informed Petitioner that any sentencing recommendation made by the Government was not binding on the Court. At the Change of Plea Hearing, the Court asked Petitioner whether he understood that the Government's recommendations for sentencing were not binding on the Court. Petitioner replied that he was not aware of this. After further explaining the non-binding nature of the Government's recommendations and giving Petitioner time to speak with his trial counsel, the Court asked Petitioner whether he still wished to plead guilty, and Petitioner responded, "Yes, sir." Furthermore, the Court's sentence was in compliance with the Government's recommendation.

Since the Court itself ensured that Petitioner understood the binding nature of Petitioner's guilty plea as well as the non-binding nature of the Government's sentencing recommendation, Petitioner has not demonstrated that his attorney's alleged failures in this respect caused him prejudice. As a result, grounds one and five of the petition are without merit.

**B. Ground Two**

In ground two, Petitioner claims that Mr. Orozco failed to explain what an open plea is and "that the judge could not impose the top end of his charge." The

Court assumes that Petitioner is actually claiming that he did not understand that the Court could impose the maximum sentence for the charge. First, Mr. Orozco disputes Petitioner's assertions. Second, even if Mr. Orozco had failed to explain what an open plea was and whether the Court could impose the maximum sentence, Petitioner does not explain how the outcome of his case would have been different if Mr. Orozco had fulfilled his duties. Finally, the Court explained the maximum penalty to Petitioner at the change of plea hearing and the Petitioner told the Court under oath that he understood. Therefore, ground two of the petition is without merit.

**C. Ground Three**

In ground three, Petitioner claims that Mr. Orozco failed to consider Petitioner's education and lack of knowledge about the judicial system. He also claims that Mr. Orozco told him to tell the Court he fully understood everything that transpired at the hearing and to not ask any questions. Once again, Mr. Orozco denies all of these assertions. Furthermore, the Court instructed Petitioner during the change of plea hearing to let the Court know if any questions were not clear. The Court questioned Petitioner in detail about his educational background and work history to ensure that Petitioner was capable of understanding what transpired at the hearing. Petitioner also stated that he was happy with his attorney, that he understood the plea agreement, and that he did not have any difficulty understanding what was happening at the change of plea hearing. Petitioner testified that no threats, offers, or promises had been made to induce him to plead guilty. Finally, he demonstrated that he was not wary of answering the

Court's questions in the negative, because he informed the Court that he had been unaware that the Government's sentencing recommendation was not binding and he disputed some of the Government's statement of facts. As a result, Petitioner has failed to demonstrate ineffective assistance of counsel in ground three of his petition.

**D. Ground Four**

In ground four, Petitioner claims that his attorney told him that he qualified for the safety valve but failed to request it at the sentencing hearing. He further asserts that "there was [sic] promises and coercion that went on with movant to take this open plea." (Motion at 9, ECF No. 47).[3] As explained previously, Petitioner told the Court, under oath, that he was not subjected to any coercion and no promises were made to induce him to plead guilty. Furthermore, Mr. Orozco states that he initially discussed the safety valve with Petitioner, but he later notified Petitioner that he was ineligible for the safety valve due to his criminal history. As a result, Petitioner's assertions in ground four are without merit.

## CONCLUSION

A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001). Moreover, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Petitioner's sworn testimony at his change of plea hearing is in direct conflict with the assertions of his Petition. Under the circumstances

---

[3] Petitioner's assertion that his plea was an open plea is incorrect.

-8-

presented here, the Court finds that Petitioner's guilty plea was knowing and voluntary. *See Wilkes*, 20 F.3d at 653.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [47] filed by Petitioner Demario Antwon Neal is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE